The Chancellor.
The bill is filed against Fairchild, the executor of Eliza D. Scott, deceased, against a devisee under the will, and against two persons who, hold certain real estate by purchase from a grantee of the executor, together with other parties interested in the estate of Eliza D. Scott. These four parties demur to, the bill for want of equity and for multifariousness. The bill is defective on both grounds.
The bill prays that Fairchild may be removed from his office of acting executor, and another person appointed in his stead; that the said conveyances made by him of the property of Elijah O. Scott may bo set aside, and a full account of the doings of said Fairchild be made to this court; that the proper meaning of the will of the said Scott may bo declared; that the property sold to Willis may be ordered to be sold, and the proceeds applied as directed by the will; that the defendant may be directed to pay to the persons entitled all the moneys due from said estate, and that the moneys due from the estate may be invested, and applied as by the will is directed.
It is obvious, from this statement of the purposes of the bill, that it unites objects entirely distinct, having no necessary or proper connection with each other, and that it unites parties who have no common interest in most of the subjects of controversy. 1 Daniels' Ch. Pr. 385-6; Redesdale’s Treatise 181; Story’s Lq. Pl. 271.
The principal design of the bill appears to be to remove Fairchild from the office of executor, to place the management of the estate in other hands, and to have his accounts settled. It appears, by the bill, that the will was admitted to probate in February, 1847- The executor named in the will took upon himself the burthen of the office, filed an inventory, and proceeded to settle the estate; that at Febru *78 ary term, 1849, of the Orphans Court of the county of Monis, he exhibited his accounts as executor for settlement, which, having been audited and stated by the surrogate, were settled and allowed by a decree of the court; that the funds in the hands of the executor have been paid over or invested for purposes specified in the will. N It would seem, from the face of the bill, that the duties of the executor were mainly performed, and his accounts finally settled and allowed, nearly twelve years before the filing of the bill. The bill does not ask that the settlement in the Orphans Court should be opened or set aside, nor is any reason suggested why it should be done. There are insinuations that the will was improperly procured to be executed, but it is not asked to be set aside, nor is its due existence denied; on the contrary, its validity is distinctly admitted, and made the basis of the prayer for relief.
The fact, that the will was procured by the executor, can constitute no ground at this late period for removing him from his. trust. His duties as executor have been performed, and his accounts settled. The funds which have not been paid over have been invested, and are now held by him for the purposes of the will. If the executor has been guilty of any breach of trust, if he has misapplied or perverted the funds of the estate, if there was fraud or mistake in the settlement of his accounts, by reason of which .the complainant has been aggrieved, upon a bill properly framed she may obtain redress. The bill now before the court contains no equity as against Fairchild or either of the other defendants.
The demurrers are allowed, and the bill dismissed.